Good morning and may it please the Court. My name is Benjamin Gould and I'm here representing the Federal Home Loan Bank of Boston. May I reserve three minutes of rebuttal, please? Yes, you may. Thanks. This appeal asks whether the District Court had the power to transfer the bank's claims against Moody's for want of personal jurisdiction. To support that transfer, the bank has relied on two federal transfer statutes, but I want to start this morning by focusing principally on 28 U.S.C. 1631, which authorizes transfer for want of personal jurisdiction because of its text and its structure and because of its purposes. The plain meaning of 1631 authorizes transfer for want of personal jurisdiction. The statute says that if a court, quote, finds that there is a want of jurisdiction, it may transfer. The plain meaning of want of jurisdiction includes want of personal jurisdiction, but that's not all. If we look outside that phrase to the rest of the statute, the plain meaning of that phrase is just further confirmed. The statute authorizes transfer between a wide range of federal courts. Those courts include federal district courts. It authorizes transfer from one federal district court to another. This is a strong indication that the statute authorizes transfer for want of personal jurisdiction as well as subject matter jurisdiction, and here's why. You think of the main heads of subject matter jurisdiction conferred on the district courts. They're conferred on the district courts en masse. It's not the case that some district courts have subject matter jurisdiction under federal question or diversity and others don't. By contrast, it's very easy to imagine cases, and this is one of them, where want of personal jurisdiction can be cured by transfer from one federal district court to another. So if 1631 only reached want of subject matter jurisdiction, it's rather unclear why it authorizes transfer from one federal district court to another. Below, and this is sort of a preliminary matter because it goes to jurisdiction, as I understand it, didn't you argue below that no federal court had any subject matter jurisdiction over this case because the bank's charter was written in such a way that it did not convey federal jurisdiction? We moved to remand after the court was removed to... And that was your argument? That's correct. And if that argument was correct, you lose this appeal? That's correct. If, I mean, if the... So now explain to us why your argument below was wrong. Of course, I suppose that goes to the other side, too, on this one. You've both flipped your position 180 degrees. So the, I mean, let me say this. The briefs don't focus on this, so if the court believes that the original jurisdiction of the district court is in question, you know, I would ask for further briefing on that. But we always, briefs always have to establish the subject matter. Of course. You have a sua sponte duty. You sua sponte raised it. We're just picking up on it. Right. So the, since the District of Massachusetts, since the district court below disagreed with our position and declined to remand, the Ninth Circuit has issued a very persuasive opinion in which it construes the materially identical charter of, I think it was Fannie Mae. And there, I think the court persuasively shows why the district court... Are you talking about Lightfoot? Yes, correct. And Lightfoot's on cert petition right now, and the court has asked for the SG's position. Right. The Ninth Circuit's decision, however, is, I think, persuasive on its merits. Again, if the court feels that there are serious doubts about original jurisdiction here, we'd ask for at least an opportunity for supplemental briefing. But to go back to the transfer statutes, assuming that there is original jurisdiction in the district court, I touched on why the text and the structure of 1631 supports the bank's reading. That's not all. The purposes of 1631, as this court has interpreted them in Brattel, is also strongly support the bank's position. One of the purposes of the statute, perhaps the most fundamental one, is the goal of ensuring that meritorious cases are decided on their merits. This is a paradigm case for that goal. Judge O'Toole upheld the bank's fraud claims against Moody's against a 12B6 motion. And, if the bank's claims are dismissed rather than transferred, there's a rather significant risk that if refiled in New York, they would be time barred. That is precisely the kind of case where 1631 is supposed to come into operation and save the claims via transfer. The second purpose that Brattel touched on is ensuring that litigants aren't deprived of their rights and remedies simply because of unclear rules of jurisdiction. Again, this is a paradigm case for that. The district court twice ruled that it had general personal jurisdiction over Moody's. That was at least until the Supreme Court issued its Daimler opinion in 2014, more than two years after the case was removed. And Daimler changed the law. That's what the district court said. That's the basis on which the credit rating agencies moved to reconsider the jurisdictional decision after Daimler was issued. It's precisely in these circumstances where the rules are unclear that, again, 1631 is supposed to step in and ensure that the jurisdictional rules don't prevent a case from being decided on its merits. And then finally, there's the purpose of preventing duplicative litigation. One can easily imagine a case where a litigant faced with a plausible motion to dismiss for lack of personal jurisdiction goes out and files a second action in another federal district court. Well, that purpose is served by, that sort of thing is prevented by reading the statute the way the bank does. Now, the main argument that Moody's has against us, despite the structure and text and purpose of the statute, is that the legislative history supports its limited reading of the statute. There are, I think, a number of problems with that argument. The first is that it doesn't look at the entire legislative history. It looks at a Senate report only. And that Senate report doesn't even say that 1631 is limited to want of subject matter jurisdiction. It just says that it reaches subject matter jurisdiction. We agree, it does. The question here, though, is whether it's limited to subject matter jurisdiction. What's more, there are two parts, significant parts, I think, of the legislative history that Moody's overlooks. First of all, of course, there's Judge Leventhal's concurring opinion, the concurring opinion that Bertel cites and that started this whole thing, that led to the enactment of 1631. And there, Judge Leventhal says that he, even though, in fact, that case merely involved lack of subject matter jurisdiction, Judge Leventhal was farsighted. And he said he envisioned a, quote, general transfer statute that authorized transfer specifically but not exclusively for filing in a court that later turns out to lack subject matter jurisdiction. Well, that concurring opinion decisively favors the bank's reading of the statute. So does the fact that an earlier version of the statute spoke of transfers of cases within the exclusive jurisdiction of the district courts or the exclusive jurisdiction of the court of appeals. That language clearly refers to subject matter jurisdiction. And yet, that language was removed and replaced with a much broader want of jurisdiction when the statute was actually enacted. But I would focus, you know, heavily on Judge Leventhal's opinion. That seems to me to be very nearly conclusive. And there actually is some irony in that because Judge Leventhal was the fellow who famously said that reliance on legislative history is like looking out over a crowd and picking out your friends. And it seems to me that one of the people that Moody's is overlooking in the crowd is Judge Leventhal himself. If the court has no further questions, I'm happy to save the rest of my time for rebuttal. Thanks. Thank you. Good morning, Your Honors. Joshua Rubens for Moody's Corporation. I'm very surprised that my brother said that Moody's overlooked Judge Leventhal. We have pages and pages in our brief about Judge Leventhal, which I'll get to in a minute. But I want to start with the idea that the statute is unambiguous on its face. A serious analysis of statutes does not end with Black's Law Dictionary. It starts there. And the fact that jurisdiction can sometimes mean, might mean both personal and subject matter jurisdiction does not mean that it must or necessarily does. And it is clear. But it can always be both. It may always be both. It doesn't necessarily mean both because if you go through section title 28, there are many times when it is not, it only says jurisdiction and it's not both. And there are other times in title 28 when it specifies personal and subject matter jurisdiction.  And the courts have consistently, when there is some question, looked beyond the plain language of the statute. Although I'd like to say the plain language of the statute really does lead you to only one place, which is subject matter jurisdiction. For instance, the phrase whenever, that begins the language of the statute. Whenever a court finds that there is a want of jurisdiction, it summarily may transfer. And the court found here there was a want of jurisdiction. Yes, yes, Your Honor, it did. But the language of the statute anticipates situations where the court can do it at any time. Well, the court cannot do it with personal jurisdiction if personal jurisdiction has been waived. For instance, and I believe that the language, if you were writing the statute and you had in mind personal jurisdiction, you wouldn't say whenever and you wouldn't suggest a sua sponte, which it does in the course of remark that it suggests a sua sponte action. Whenever it finds there is a want of jurisdiction. Right. It depends on the case. That might arise at any point in the case, in any particular case. So it says whenever. That sounds broadening. It doesn't sound narrowing. Well, I think. It doesn't say only when the complaint is filed. It doesn't say only when the complaint is filed, but it anticipates situations which I don't think the legislature would have framed it that way if it was thinking of personal jurisdiction. So under your analysis, if half a year into the case, it found there was no subject matter jurisdiction. Subject matter jurisdiction cannot be waived, and at any time in the case. But it didn't, in other words, there was subject matter jurisdiction, then it disappeared. It didn't blow its chance to transfer just because it didn't do it earlier. No, it didn't. Let me ask you just a more practical question. As I understand you, you concede that if the court finds that it doesn't have subject matter jurisdiction, and another federal court does, even in that situation, without subject matter jurisdiction, the court has the power to transfer. Subject matter jurisdiction, yes, Your Honor. And if it doesn't have venue, but another court has venue, it can transfer. Yes, Your Honor. If it doesn't have both subject matter jurisdiction and venue, it's got nothing to do with the case, it can still transfer. It can, Your Honor. If it doesn't have subject matter jurisdiction, venue, or personal jurisdiction, the farthest out thing you can imagine, it can still transfer. If it does not have venue, yes, Your Honor. And yet, you're saying that if it has subject matter jurisdiction and it has venue, but the one thing it's missing is personal jurisdiction, then you can't transfer. Absolutely. Why would Congress have wanted to make that the only exception to what seems to be a general rule that we don't want to have a case die on a technicality as far as you filed it in the wrong court? Because, Your Honor, there is a fundamental difference between personal jurisdiction and either venue, which is a convenience matter. Let me ask a more narrow question. There's certainly nothing in the legislative record that would provide us, for some reason, why Congress would have wanted to make this decision. What you're trying to do is infer reasons that why Congress would have wanted to do it. I will tell you honestly, Your Honor, I don't believe Congress for at any time even considered personal jurisdiction. There is not a whisper of it in the entire legislative record. Is there any evidence that it did not? When it starts referring to, we've got a problem with apples, but then it writes a statute that has the broader word, fruits. The normal thing I would do is assume that Congress looked at apples and then generalized in the statute. So what you've got here is a legislative history that says we have a problem. It's referring in that context to subject matter jurisdiction. So it articulates in the legislative history subject matter jurisdiction. But then when it writes the statute, it drops out the two words subject matter. Don't we then draw an inference that they dropped those words out for a reason? Well, it didn't drop out subject matter jurisdiction. It's true, it changed the wording from exclusive to want of. But there's nothing in the record to suggest that would be- No, no, because the legislative history that you rely on has the words subject matter. It does indeed. But then the statute doesn't have that. No, but I believe that is because it never occurred to anyone in this process that this would ever be applied to personal jurisdiction. And all of the Levin Paul material, the letters, the cases he cites, everything relates to subject matter jurisdiction. And there is not a whisper anywhere of personal jurisdiction. So I do think that sometimes the absence ex volumes. And in the case of personal jurisdiction, it's not a little matter. It's not something that, yeah, they wanted to include that. But, you know, they didn't say much about it. This would have been a major thing to extend it to personal jurisdiction as opposed to what they were all talking about. And the statute and the legislative history of the Improvement Act itself is all about subject matter jurisdiction. And I think it is telling. And by the way, for what it's worth, Wright and Miller consider the language there as clumsy drafting. Sometimes it happens. Well, but if we're looking for precedent, haven't we ourselves already said we're inclined to read it the way the bank does? Well, I know that that is dicta in a case, Your Honor, but I don't believe there was any serious consideration of it in that case. Well, I suspect it was serious, but it was dicta. And then we've got, what, four or five circuits that have all said it has personal jurisdiction. With all due respect, Your Honor, I think lack of rigor is the only word to apply to those appellate decisions. I'd be happy to be due to some of it in our brief. When I was rereading them for this, before this argument, I was struck by how illogical and incomplete they are. The failure to look at the legislative history, I think, is a case of burying one's head in sand because one doesn't want to go to the results. If we were to adopt your position, we would be creating, for the first time, a circuit split on this issue. A formal circuit split, yes, Your Honor. And indeed, I believe you would be writing on a clean slate in terms of a full analysis of the statute. Can I answer any other questions for you about 1631? I mean, I'd be happy to discuss any of the cases. Any of the legislative history. Your argument is premised on the notion that the simple word jurisdiction has ambiguity. Because if we find that jurisdiction means jurisdiction personal or subject matter, then we've been chastised by the Supreme Court to go no further than the plain language of the statute. Well, there's, I agree, Your Honor, if history is no ambiguity at all, you're absolutely right. I don't think it's imaginable to say that there's no ambiguity at all when there is a split among dozens of courts, when the commentators almost unanimously believe that it does not mean both kinds of jurisdiction. And I'm not aware of any case where a court that has done a full analysis of the jurisdiction wording question has simply said, well, Black's Law Dictionary says it can mean either. That's the end of the discussion. Why would Congress want to have a gotcha, a bluetooth rule, in this one area? It's not a matter of a gotcha, Your Honor. It's a matter of the appropriate distinction between venue and personal jurisdiction. And subject matter. And it's, do you think, including subject matter? And subject matter jurisdiction. Subject matter jurisdiction is, is it the right court? By the way, everyone talked, even the cases which favor the bank, talk about which court. Well, in personal jurisdiction, there isn't confusion about the court. There's nothing about the complexity of federal courts, which some of the cases that the bank sites talk about. It is a matter of confusion. You can always find the right court. It's the defendant's home state. So it's not a which court. It's a question of strategy. I want to get power over this and bring this defendant into another court. Well, that's a good point. You say this one could be abused in some ways, by taking a flyer and hoping it works, and then having no penalty if it doesn't work. That is true, Your Honor. But more fundamentally. But it doesn't give us the justice. And hasn't Congress thought of that, too? Because the court does not have to transfer. If it finds that sort of game playing going on, it could deny a transfer. It could. But I think we've seen in the case law that there was a great tendency to transfer. And I think more fundamentally, it's about the federal and state balance. It's about the fact that federal courts sitting in a state should be following, essentially, being limited in some ways by its state. And by there not being a different outcome, if you happen to be in federal court as opposed to state court. And those are the principles of ERIE. And that is exactly what this would set up. And I think it may be one of the reasons why the Congress has not done that. And obviously, we don't have the specifics. But we do have the policies. And they point very clearly to personal jurisdiction as being something that is different. And the idea that it should not be a transfer just for convenience or because it would preserve the merits in every case, it's not the same. It would be a major change if that really were the law. And it is a law of some circuits pursuant to some decisions which don't look at the legislative history. But I urge this court to look at it really closely, to look at the language, to look at the legislative history, and to think about the issues that we pointed out about ERIE that are raised in the Van Dusen case and other Supreme Court cases. And I do think that this implicates more than the usual, oh, which court would be a better court? This is a serious case, Your Honor. Well, for example, the Sixth Circuit, I think, does give a fairly detailed analysis in Ramon v. Ashcroft where it talks about the congressional intent and protecting a plaintiff from additional expense and things like that. I think the Sixth Circuit case is a very good example, Your Honor. I believe it's one long paragraph of analysis. And I think if you look down, you will see that the court says, this is primarily to alleviate the problem raised by complex federal something or other. Personal jurisdiction has nothing to do with complex federal anything. That's not. So they have picked up on some language from somewhere else and thrown it in to reach the conclusion they wanted to reach. And they don't look at the legislative history. Or they could have picked up on the premise that it's in the interest of the system generally to be simplified, to be straightforward, to apply a common sense application to language. And so let's assume that Sixth Circuit analysis is applicable here for the sake of argument. What would you say as to it going back to the judge, Judge O'Toole in this case, remand back to him for, do you think Judge O'Toole needs to make a finding in the interest of justice? Could that be your last argument, that even if you have authority under 1631 to transfer interests of justice, may not allow it? You're saying to assume our UN bill that 1631 does apply? Yes, Your Honor. I believe the appropriate thing would be to remand to Judge O'Toole for that inquiry. And what's your argument on the interest of justice? They would be tied into the issues we've been talking about in terms of the appropriateness of a plaintiff who, for strategic reasons, does not sue a defendant where it knows it has personal jurisdiction, but sues 89 different defendants and finds it convenient to haul them all into one court, and then suffers the consequences of that strategy. I don't see any unfairness there. And as Judge Posner has said in several of the cases we've cited here, you don't see the benefits of that in the same way you see the benefits in other cases. But the benefits are there. The system has integrity. Personal jurisdiction means something. It is real in terms of the ability to haul somebody out of their home state into a foreign court. It's something that Congress has been very, very careful not to make, to basically eliminate, and to eliminate the distinction between personal jurisdiction and venue. Thank you. Thank you. I actually think that the other circuit decisions are pretty instructive. If you look at the Roman case from the Sixth Circuit, and then you look at the Ross case from the Tenth Circuit, they take totally different approaches to statutory interpretation. Ross is completely purposivist, whereas Roman is totally textualist. But they reach the same conclusion. I think that's telling. It's telling that no matter what method of statutory interpretation you apply, you get to the same place. Although, I mean, I will say that it's hardly a secret that in the last 25 years, the Supreme Court has taken a pretty textualist turn. And that strongly favors us. But I guess just the other point about text is that if Congress wanted to limit this statute to want of subject matter jurisdiction only, it could have easily done so. I mean, obviously, it could have put the adjective subject matter jurisdiction in there. But it could also have said for want of original or appellate jurisdiction. Both of those are subject matter jurisdiction. It is certainly true that you need to look to context. But what the authorities and cases cited by both of the parties show is that to limit the otherwise broad word jurisdiction to one kind of jurisdiction, you have to have clear contextual limiters. And there are no clear contextual limiters here. In a word, what's your best argument for why the addition of the words in your charter in any court of competent jurisdiction doesn't distinguish your charter from charter at issue in American Red Cross? Well, it's because, as the Ninth Circuit pointed out, in life Lightfoot analysis is your best argument. Yeah. I think that has to be the answer. I think that has to be the answer. Again, I don't want to seem to be ignoring that issue. But I do want to go back to the transfer statute to 1631. And I guess I want to say a couple of things. The first is that this would create a circuit split. And if there's any place where this court should be wary of creating a circuit split, it's in a case involving a transfer statute between federal courts. Those transfer statutes are supposed to promote uniformity rather than create division. What's more, the interest of justice analysis, I agree. The court certainly has the power to remand this case to the district court for it to determine the interest of justice on its own. But the interest of justice decisively favored the bank, in my view. It's unclear what strategic choice my friend is referring to. The choice we- Well, do you agree that remand is proper for the district court to make that determination in the first instance? Yes. Yes. The court certainly has the power to do so. My point is merely that this court also has the power, if it wishes to, to make the interest of justice finding on its own. Whether or not it would be prudent for the court to do so as a matter of administration is a different question. But I agree that certainly the court has the power to remand. This case features meritorious claims. They should be decided on the merits. They shouldn't be time barred. The court should apply the plain language, structure, and purposes of 1631 and hold that 1631 authorizes transfer for want of personal jurisdiction as well as subject matter jurisdiction. Thanks. Thank you, counsel.